TIMOTHY O. VAN ALLEN, Respondent, v. THE AMERICAN NATIONAL BANK, Appellant.

(GENERAL TERM, FIRST DEPARTMENT, FEBRUARY, 1871.)

It is not enough to make an equitable assignment of money on deposit in bank, that a check be drawn therefor; but where the money was deposited as the money of the holder of the check, though in the drawers name, and that fact is communicated to the bank before any other right has accrued to the fund, the same becomes, in equity, the property of the holder of the check, and he may recover it from the bank.

Nor, in such latter case, is the existence of liability of the depositor to the bank, which has not matured, material.

THIS was an appeal from a judgment entered upon the verdict of a jury in favor of the plaintiff, and from an order denying a motion for a new trial.

The complaint set forth that on the 20th of February, 1867, the plaintiff deposited with the defendant $1,625.13, in the name of Van Allen & Rice, to be repaid on demand; that, on March 6th, Van Allen & Rice, to enable the plaintiff to

draw the moneys, gave him their check on defendant for the same; that plaintiff, on that day, duly presented the check and demanded the money therefor, but defendant refused to pay it; that, at the time of demand and refusal, the defendant had due notice that the money, although deposited in the name of Van Allen & Rice, was really the money of the plaintiff.

The answer admitted the presentation of the check and refusal of payment, and denied any knowledge or information sufficient to form a belief, whether or not plaintiff was the owner of the money, and it denied each of the other allegations in the complaint.

Upon the trial, it was established by the evidence that the plaintiff resided in Pennsylvania, and was a brother of Gilbert R. Van Allen, one of the firm of Van Allen & Rice, and had indorsed a note for the accommodation of Van Allen & Rice, which became due March 8th, but not at defendant's bank. In February, the plaintiff sent to Gilbert R. Van Allen some United States bonds, with instruction to collect the coupons and keep all until he (Gilbert R. Van Allen) could ascertain as to his ability to meet the said note; and if he was able to meet it, then to notify plaintiff, and plaintiff would give him further instructions as to the bonds; and, adding, if he desired to do so, he could sell the bonds, and let the proceeds lay in the bank, so as to be available for March 8th.

Van Allen & Rice sold the bonds February 20th, and on the same day deposited the amount of the proceeds with the defendant, and Gilbert R. Van Allen notified plaintiff that they had done so.

It appeared that the moneys so deposited were not the identical moneys received for the bonds, but that they were received in the regular course of business by Van Allen & Rice, and set apart as and for the avails of the bonds on the day of the sale; and as the moneys of the plaintiff, and were so considered and treated by Van Allen & Rice. No check was drawn against these moneys until the plaintiff came to

Van Allen *v.* The American National Bank.

New York, on May 6th, when Van Allen & Rice gave him a check for the amount of the proceeds of his bonds and coupons; which check he presented for payment to defendant, and payment was refused. Plaintiff gave the defendant due notice of his interest in the moneys.

The action was tried before Mr. Justice CARDOZO and a jury, and at the close of the testimony the justice directed a verdict for the plaintiff.

A motion was made for a new trial on the minutes, and denied, and the defendant appealed from the judgment and the order denying a new trial.

*Charles H. Woodbury*, for the appellant.

*Aaron J. Vanderpoel*, for the respondent.

Present—INGRAHAM, P. J., and BARNARD, J.

INGRAHAM, P. J. It is immaterial, in this action, whether the identical bills or checks received in payment for the bonds sold were deposited with the defendants, or whether an equal sum of money, out of the funds of Van Allen & Rice, was so deposited. In either case, a sum of money equal to the amount due the plaintiff was set apart for his use, and was so deposited with the defendants, and that fact was communicated to the plaintiff. It is not enough to make an equitable assignment of money on deposit that a check should be drawn therefor. In such a case there would be no privity between the bank and the holder of the check, and, until acceptance by the bank, the holder cannot recover. But when, in addition to the check, the fact appears that the money was deposited as the money of the holder of the check, and that fact is communicated to the bank before any other right has accrued to the fund, the same becomes, in equity, the property of the holder of the check, and he may recover it from the bank. The fact of indebtedness to the bank from the depositor, which has not matured, cannot affect the rights of

the plaintiff. It would be no defence if Van Allen & Rice had brought the action at this time, because it was not at that time due, so that an action could be maintained upon it.

The judgment should be affirmed.

Judgment affirmed.